## Case No. 15,866.
### UNITED STATES v. NETCHER.
[1 Story, 307.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1840.

OFFENSES ON HIGH SEAS — LEAVING MARINER IN FOREIGN PORT.

1. The crimes act of 1825, c. 276, § 10 [3 Story's Laws. 2001; 4 Stat. 117, c. 65], enumerates three distinct offences, viz.: (1) maliciously and without justifiable cause, forcing an officer or mariner on shore, in a foreign port; or, (2) maliciously or without justifiable cause, leaving any officer or mariner behind in a foreign port; or (3) maliciously and without justifiable cause, refusing to bring home again all the officers and mariners of the ship in a condition to return, and willing to return. It is not necessary, to complete the first or second of the enumerated offences, that the officer or mariner should be in a condition to return, and willing to return. These latter words apply only to the third and last of the enumerated offences.

2. Where a mariner applied for a discharge, which was refused by the master, and he thereupon used abusive language to the master, for which he was imprisoned by the master, so that he was unable to return, and the ship sailed without him; it was held, that the leaving him behind was an offence within the intent of the crimes act of 1825. c. 276, § 10 [3 Story's Laws, 2001; 4 Stat. 117, c. 65].

[Cited in Jay v. Almy, Case No. 7,236; Wilkes v. Dinsman, 7 How. (48 U. S.) 128.]

Indictment against the defendant [George E. Netcher], master of the ship Cornelia, of New Bedford, for maliciously and without justifiable cause, leaving one Thomas Turner, a seaman of the said ship, on shore in a foreign port, called Coupang, in the Dutch Island Tima, in the Chinese seas, contrary to the 10th section of the crimes act of 1825, c. 276 [3 Story's Laws, 2001; 4 Stat. 117, c. 65]. Plea, not guilty.

The facts being established, the case ultimately turned upon the question of the true construction of the statute.

Mr. Mills, Dist. Atty., for the United States. B. R. Curtis, for defendant.

STORY, Circuit Justice. The tenth section of the crimes act of 1825, c. 276 [3 Story's Laws, 2001; 4 Stat. 117, c. 65], provides, "that if any master or commander of any ship or

---

[1] [Affirmed by circuit court; case unreported.]

[1] [Reported by William W. Story, Esq.]

vessel belonging in whole or in part to any citizen or citizens of the United States, shall, during his being abroad, maliciously and without justifiable cause, force any officer or mariner of such ship or vessel on shore, or leave him behind in any foreign port or place, or refuse to bring home again all such officers and mariners of such ship or vessel, whom he carried out with him, as are in a condition to return, and are willing to return, when he shall be ready to proceed in his homeward voyage, every master or commander so offending shall, on conviction thereof, be punished by fine, &c." In my judgment, this section enumerates three distinct and independent offences: (1) The maliciously and without justifiable cause, forcing any officer or mariner on shore in any foreign port; (2) the maliciously and without justifiable cause, leaving such officer or mariner behind in any foreign port; and (3) the maliciously and without justifiable cause, refusing to bring home again all the officers and mariners of the ship in a condition to return and willing to return on the homeward voyage. It is not necessary, therefore, as the argument at the bar supposes, that the officer or mariner should have been forced on shore, as well as left behind, or refused to be brought home, in order to constitute an offence within the true intent of the statute. It is sufficient if the officer or mariner is either forced on shore, or left behind, or refused to be brought home. In the present case, there is no pretence to say, that the mariner was forced on shore. But it is perfectly clear, that he was maliciously (that is, wilfully and designedly) and without justifiable cause, left behind in a foreign port. It is also said, that the mariner was not willing to return home in the ship, and therefore the case is not within the provisions of the statute. But this (as has been already intimated) is not necessary to a completion of the offence of maliciously, and without justifiable cause, leaving him behind in a foreign port. The grammatical order and connexion of the language requires the words, "as are in a condition to return and willing to return," to be read as a part of the last clause of the section, and not as a part of the prior clauses of forcing ashore, or leaving behind. It would sound strange to say, that if the master shall force any officer or mariner on shore, he would not be within the penalty of the statute, unless such officer or mariner were in a condition to return and willing to return in the ship. And yet the words must be applied equally in all the cases stated in the section, unless they are limited to the last clause, viz. the refusal to bring home the officer or mariner. In this connexion, they have their just and natural import and effect. In the present case, indeed, the defendant had no option at all allowed him. He went on shore voluntarily, it is true, in the ship's service; but the master thereupon put him in gaol, and there had him kept in confine-

ment until the ship sailed from the port. It is true, that the mariner had previously applied to the master to be discharged, and was willing to be discharged from the ship. But the master refused to discharge him; and inflicted upon him the imprisonment, as a punishment for some real or supposed abusive language, used by the mariner, in consequence of his refusal to give him a discharge. In short, the master maliciously and without justifiable cause, sent the mariner to prison, and left him behind, without even giving him an opportunity to express willingness or unwillingness to return. It is one thing to have a free discharge in a foreign port, and quite another thing to be left in prison there, under the pretence of promoting the wishes of the party.

Upon this intimation of the opinion of the court, the defendant, with the consent of the district attorney, withdrew his plea of not guilty, and pleaded nolo contendere, and thereupon received the sentence of the court.